One opinion was delivered in both these cases, as the opinion of the Court, by
Gibson J.
The question before the jury, was not whether the plaintiff’s title to the landjincluded by the diagram of the survey returned, should be affected by reason of the lines of the survey not having all been run out and marked, for the Court declared at the outset that the title was good; but *222 whether the defendant had intruded within the plaintiff’s lines. It is true that near the conclusion of the charge, the Court did, in effect, say that a survey, of which only one line has been run and marked, is void; but even if the case had been left on that ground, there would have been no error, for the very point was resolved in Fugate v. Cox; and I think there are arguments in favour of the doctrine that can never be successfully encountered. By this, I do not mean to say, that a survey will be void wherever no more than, one line can be found. That one line is found marked on the ground, may be a circumstance of more or less weight, to go to the jury as evidence that the other lines were marked and run also: and such evidence being accompanied with possession and acts of ownership during the requisite period, (which, in analogy to our Statute of Limitations, I take to be twenty-one years,) will raise a legal presumption in favour of the regularity of the survey. But although the survey of an insulated tract, of which only one line was in fact run, would unquestionably be void against a person subsequently appropriating the same land undera purchase from the State ; yet where a general marked outline encloses several tracts owned by the same person or by a number of persons, (which would undoubtedly be a good survey of the whole,) I can see no reason why the intermediate lines as plotted on the diagram, should not be valid for all purposes of division between the original owners, or purchasers from them when the lands thus surveyed have been retailed. If then the plaintiff had shewn, by producing the warrants and the diagram of the general survey, that this was one of a number of tracts laid together by a common boundary, and that by a survey of the intermediate lines according to their courses and distances, the defendant was found to be within the lines of the draught of this particular tract, the case would have been clear of all difficulty. But this was not done, and in the case as disclosed, I cannot see how the survey, which appears to have been void from the beginning, could, even admitting the plaintiff had title, have any operation for the purpose of defining boundary; because if it could in any aspect, it must necessarily have been sufficient to guard subsequent appropriators from surprise, and have been a valid appropriation of the land in the first instance.
*223 But it is objected, the Court withdrew the evidence of one Craig from the attention of the jury. But this no further appears, than that in summing up on the question of fact, the Court was entirely silent as to the operation of his testimony; which was by no means a withdrawal of it. Again it is objected, that the defendant was permitted to shew the extent of his improvements on the land he had in possession; but this it was competent for him to do, if for no other reason, to rebut the evidence the plaintiff had given on the same subject. The judgment is therefore affirmed.
Judgment affirmed.